# H. H. PIERCE v. STATE.

No. A-8589.   Oct. 20, 1933.
Rehearing Denied Nov. 3, 1933.
(26 Pac. [2d] 229.)

Joe Young, for plaintiff in error.

J. Berry King, Atty. Gen., and George J. Fagin, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Payne county of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The evidence of the state is that a deputy sheriff of Payne county and a police officer of the city of Cushing were in said city, having a search warrant to search a 1932 Chevrolet automobile owned by defendant; that the officers found the automobile on the streets of Cushing, with the defendant driving it; that the car was being driven at about four or six miles an hour; that the officers' car was headed east and defendant's car was headed west; that a window of defendant's car was open, with part of his arm protruding from the car window; that when within four feet of defendant's car, the officers ordered him to stop and stated that he was under arrest; that the police officer got out of the car and called to defendant that he was under arrest; that this officer was wearing a cap with his police insignia on it; that defendant paid no heed to the order, and sped up his car; that upon his refusal

to stop, the officers shot a hole in one of the casings; that they turned their car around and pursued defendant and, while pursuing him, saw defendant stop and carry something dark and bulky out of the car, and then, after driving 60 or 80 feet, stop on account of a flat tire; that the officers arrested defendant and took him back to where he first stopped and found tracks leading from that point; that they followed same out into the grass and weeds about six or eight feet from the car, and there found a ten-gallon keg of whisky and four half-gallon fruit jars.

Defendant, testifying for himself, claimed that he did not hear the officers and, as a reason for not stopping, said that he did not know who they were, and denied that he was the owner of the whisky or had anything to do with it.

The first assignment of error is that the whisky was never shown to have been in the possession of defendant.

The facts in the case at bar are similar to those in McAdams v. State, 30 Okla. Cr. 207, 235 Pac. 241, although the case at bar is stronger since the officers had a search warrant.

When all of the facts and circumstances in the case are considered, it is evident that the possession of the liquor was sufficiently traced to defendant to justify the jury in finding him guilty.

No fundamental error appearing on the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.